FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 NOV 16 PM 3:58
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| HUNG THIEN LY, ) | CASE NO. CR407-286 |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

Before the Court is Defendant Hung Thien Ly's Objection to the October 22, 2007 Order issued by Magistrate Judge G.R. Smith. (Doc. 13.) In that Order, the Magistrate Judge denied Defendant's request for appointment of counsel after finding that Defendant had not shown that he was "financially unable to obtain counsel." (Doc. 11.) For the following reasons, the decision of the Magistrate Judge is **AFFIRMED**.

Defendant, a medical doctor, was indicted for dispensing controlled substances outside the usual course of professional practice and without a legitimate medical purpose. At a hearing on October 3, 2007, Defendant claimed that he was indigent and asked to be appointed counsel.

An in-depth financial profile prepared by the United States Probation Office shows that Defendant's wife has a

net worth of more than a million dollars. Defendant alleges that he owes his wife $268,000. The married couple live together, and Defendant pays his entire monthly salary to his wife, who then pays the couple's living expenses and rent. The Magistrate Judge found that Defendant had "systematically transferred his assets to his wife and structured his finances to . . . obtain appointed counsel at public expense." Defendant now asks the district court to reverse the Magistrate Judge's Order.

In his Objection, Defendant provides the Court with "critical information" which he claims was not included in the probation officer's report. Defendant's Objection essentially consists of a narrative, in which he outlines his financial struggles since 1985 and his wife's "strong working ethic" and financial successes. The Objection also contains a copy of Defendant's tax returns from 1975 to the present.

Narrative content notwithstanding, the Objection neither adds to nor changes the basic financial information contained in the probation officer's report. Even though Defendant's wife has contributed substantially more assets to the family's holdings, this does not mean that Defendant is now free to submit all of his earnings to his wife and pose himself as an indigent. Despite Defendant's

contentions, his finances and his wife's are not entirely separate. For example, Defendant's wife at one point withdrew funds from her personal bank account to pay off Defendant's loans and to retain an attorney for his case.

Defendant's Objection to the Magistrate Judge's Order provides no relevant new information, and the Court agrees with the Magistrate Judge that Defendant is not "financially unable to obtain counsel." Accordingly, the decision of the Magistrate Judge is **AFFIRMED**.

In addition, because Defendant is able to afford an attorney, this case is **REMANDED** to the Magistrate Judge for a hearing on whether Defendant will represent himself or retain counsel.[1] Now that Defendant conclusively knows that he will not be appointed counsel, the Magistrate Judge must make Defendant aware of the dangers of self-representation and ensure that Defendant "clearly and unequivocally" asserts his desire to represent himself. See Jones v. Walker, 496 F.3d 1216, 1229 (11th Cir. 2007).

SO ORDERED this 16th day of November, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The hearing will take place at a date and time to be determined by the Magistrate Judge.