IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HUNG THIEN LY, | ) | CASE NO. CR407-286 |
| | ) | |
| Defendant. | ) | |
| | ) | |

### O R D E R

Before the Court is Defendant Hung Thien Ly's "Motion to Release Portion of Seized Funds to Retain Counsel of His Choice."[1] (Doc. 25.) Therein, he asks the Court to order a release of $130,000 of the $185,080 seized by the Government in this case. He claims that he has contacted numerous attorneys, several of which have agreed to represent him upon being paid attorney's fees in advance. As explained below, the Court requests more information before it will rule on this Motion.

### BACKGROUND

On March 30, 2006, the Government seized $185,080 from a metal safe located in the attic above Defendant's residence, pursuant to a federal criminal search warrant.

---

[1] The full title of this document is "Defendant's Pro Se Motion to Release Portion of Seized Funds to Retain Counsel of His Choice or to Seek Appointment of Legal Counsel." The Court previously issued a ruling on Defendant's request to obtain appointed counsel and does not intend to revisit that ruling.

The Government initiated civil forfeiture proceedings on October 10, 2006, and the proceedings were stayed on October 17, 2007, pending outcome of the criminal indictment.

On September 12, 2007, Defendant was indicted on 129 counts of dispensation of controlled substances in violation of 21 U.S.C. § 841(a)(1). Magistrate Judge G.R. Smith denied Defendant's Motion to Appoint Counsel, and this Court affirmed that decision on November 16, 2007. On January 11, 2008, Defendant filed the instant Motion to Release Seized, claiming that a failure to release a portion of the funds would interfere with his Sixth Amendment right to counsel of his choice.

The Court held a hearing with Defendant and counsel for the Government on January 23, 2008. At the hearing, the Government stated that it could not be certain of the source of the seized funds. Because Defendant ran a "cash business," the Government was unable to determine, for example, how much Defendant charged his patients for office visits. However, based on an analysis of client records, the Government believes that almost all of Defendant's business was in violation of Federal law, and it therefore contends that seizure of the entire $185,080 was appropriate.

2

## ANALYSIS

The Sixth Amendment guarantees a criminal defendant the right to the assistance of counsel, "as a means of protecting his right to a fair trial." United States v. Hidalgo, 7 F.3d 1566, 1569 (11th Cir. 1993). "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S. Ct. 2557, 2561, 165 L. Ed. 2d 409 (2006); see also Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct. 55, 58, 77 L. Ed. 158 (1932). However, a defendant's right to counsel of his own choosing is not absolute. Powell, 287 U.S. at 53.

In cases where the government has legitimately seized the defendant's potentially forfeitable funds, courts have held that the defendant has no automatic right to a release of such funds, even when he intends to use them to procure the counsel of his choosing. See, e.g., United States v. Monsanto, 491 U.S. 600, 614, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989); United States v. Phillips, 434 F.3d 913, 915 (7th Cir. 2006)(explaining that the defendant "ha[d] a right to counsel, but not a right to the release of funds to obtain counsel of her choice"); United States v. Nichols, 841 F.2d 1485, 1509 (10th Cir. 1988); United States v. Real Prop. Located at Incline Village, 976 F.

Supp. 1327, 1358 (D. Nev. 1997). As the Supreme Court explained:

> A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice. A robbery suspect, for example, has no Sixth Amendment right to use funds he has stolen from a bank to retain an attorney to defend him if he is apprehended. The money, though in his possession, is not rightfully his; the Government does not violate the Sixth Amendment if it seizes the robbery proceeds and refuses to permit the defendant to use them to pay for his defense.

Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 626, 109 S. Ct. 2646, 105 L. Ed. 2d 528 (1989)(internal quotations and citations omitted). This rule "applies equally to criminal and civil forfeiture." Nichols, 841 F.2d at 509.

Generally, a showing of probable cause is sufficient to establish that the funds are subject to seizure (and therefore not available to pay for counsel of the defendant's choice). See, e.g., United States v. Bollin, 264 F.3d 391, 421 (4th Cir. 2001); Incline Village, 976 F. Supp. at 1358 ("[A] claimant may not insist on using assets as to which the government has established probable cause to declare forfeit to obtain counsel of choice.")

4

This case differs from those cited above in one respect: Unlike the defendants in the above-cited cases, Defendant has not been appointed counsel in this case. This does not change the rule that funds properly subject to seizure are not available for retention of counsel. However, based upon this distinction, the Court wishes to closely examine the basis for the seizure of funds.

Accordingly, the Court finds that further inquiry is warranted into the link between the charged offenses and the full $185,080 seized by the Government. The Government is therefore **ORDERED** to provide the Court with a detailed explanation of the basis for the seizure and withholding of the seized funds, including an explanation of the connection between the funds and the offenses charged in the Defendant's indictment. The Government shall file such explanation within **14 days** of the date of this Order.

SO ORDERED this 8th day of February, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5