IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR407-286 |
| ) | |
| HUNG THIEN LY, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Hung Thien Ly's Motion for Judgment of Acquittal or, Alternatively, for a New Trial. (Doc. 355.) Following a jury trial, Defendant was convicted on May 18, 2012 of 129 counts of dispensing prescription medications outside the usual course of professional practice and without a legitimate purpose relating to the practice of medicine. (Doc. 353.) In his motion, Defendant argues that he is entitled to a judgment of acquittal because the Government failed to present any evidence establishing the appropriate standard of care in Georgia. (Id. at 1-4.) In the alternative, Defendant contends that he is entitled to a new trial because this Court incorrectly instructed the jury to assess the evidence in light of a national standard of care, rather than the prevailing standard of care in Georgia. (Id. at 4-5.) In response, the Government reasons that the weight

of evidence overwhelmingly supports the jury's verdict. (Doc. 356 at 1-3.) In addition, the Government maintains that the jury charges are not required to specifically reference the Georgia standard of care. (Id. at 3-4.) For the following reasons, Defendant's motion is **DENIED**.

In assessing a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, the Court must determine if the evidence presented at trial would allow a reasonable jury to find, beyond a reasonable doubt, that the defendant committed the elements of a charged offense. United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011). The evidence must be viewed in the light most favorable to the Government, with all reasonable inferences and credibility determinations resolved in the Government's favor. Id. After reviewing the evidence in this case, the Court concludes that Defendant is not entitled to a judgment of acquittal.

Defendant contends that "the [G]overnment presented no evidence regarding medical standards in the state of Georgia during the relevant time period." (Doc. 355 at 3.) In this respect, however, Defendant is wholly incorrect—the Government presented a cavalcade of witnesses concerning the appropriate standard of care. James Cope, a pharmacist and special agent for the Georgia Drugs and Narcotics

2

Agency, testified as to the proper standards and procedures for writing and filling prescriptions. Jay Ziegler and Tammy Saxon, both pharmacists, testified about their decisions to stop filling Defendant's prescriptions based on their reservations concerning the appropriateness of the scripts. Dr. Martin Zdanowicz, chair and professor of Pharmaceutical Science at the Savannah, Georgia campus of the South University School of Pharmacy, testified as an expert witness. Dr. Zdanowicz testified as to the proper practices and recordkeeping involved in prescribing opioids, stating that his review of Defendant's patient files indicated that Defendant failed to follow the proper established practices. Finally, the Government presented the expert testimony of Dr. Gene Kennedy—a credentialed pain management specialist licensed to practice medicine in Georgia who had previously represented the Georgia Medical Board as an expert witness on pain management. After discussing the appropriate professional standards, Dr. Kennedy opined that his review of Defendant's patient files showed that Defendant's prescriptions were not for any legitimate medical purpose and outside the normal course of medical practice.

Based on the witnesses discussed above, it is clear that the Government presented ample evidence of the

appropriate standard of care to be applied to Defendant's actions. Defendant relies on United States v. Tobin, 464 F.3d 1264, 1281 n.8 (11th Cir. 2012), for the notion that a failure by the Government's witnesses to explicitly reference the prevailing standards of medical practice in Georgia results in a de facto failure to establish the elements of the charged offense. While Tobin does establish the applicability of a state rather than national standard, it is unable to support the great weight Defendant seeks to place upon it. Nowhere in Tobin does the Eleventh Circuit require the Government to explicitly tie the presented standard of care to the particular state. Furthermore, the Government's witnesses on this issue all currently taught or practiced in, or were currently licensed by the state of Georgia. There can be little doubt that the standards they referenced were applicable to the state of Georgia. Indeed, Mr. Cope was both a pharmacist and special agent for Georgia law enforcement, both Mr. Ziegler and Ms. Saxon were practicing pharmacists in the state of Georgia, Dr. Zdanowicz was a professor at an established pharmacy school's Savannah, Georgia campus, and Dr. Kennedy was a Georgia licensed medical doctor practicing pain management who often reviewed prescription histories for the Georgia Medical Board. It takes no great

inferential step to conclude that these individuals testified concerning Georgia, not national,[1] medical standards—each of these witnesses either practiced under or taught the Georgia standards of care. Accordingly, the Court concludes that the Government established both the appropriate standard of care and that Defendant's conduct failed to meet that standard. As a result, Defendant is entitled to neither a judgment of acquittal nor a new trial.

Defendant also argues that he is entitled to a new trial because the Court failed to charge the jury that Defendant's "conduct was to be judged by the standard of medical care recognized in the State of Georgia." (Doc. 355 at 4.) According to Defendant, the Court incorrectly instructed the jury that "whether the defendant acted outside the usual course of professional practice is to be judged objectively by reference to standards of medical practice generally recognized and accepted in the United States" (Doc. 350 at 8). (Doc. 355 at 4-5.) Defendant reasons that the erroneous reference to a national standard is contrary to the Eleventh Circuit's opinion in Tobin,

---

[1] The Court notes that there is no indication that the Georgia and national standards are even different with respect to prescribing pain medications. It is likely that, in most respects, these standards are at the very least similar, if not identical.

renders the charge "fatally flawed," and requires a new trial. (Id.) This, however, marks the first time Defendant has raised this objection before the Court, despite having a multitude of opportunities to do so. First, the Defendant stated in his initial requests to charge that he had no objection to the Government's proposed instruction, which stated that "the government must prove beyond a reasonable doubt that the defendant knowingly and deliberately dispensed a controlled substance and did so other than in good faith in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States" (Doc. 271 at 25 (emphasis added)). (Doc. 272 at 1 ("With exception to the Government's proposed 404(b) instruction-which presupposes the admissibility of such evidence-Mr. Ly has no objection to the Government's proposed charge, which follows the Eleventh Circuit Pattern Instructions.") (emphasis added).) Second, Defendant offered no opposition to this language during the May 15, 2012 charge conference. Indeed, Defendant vigorously contested the wording of other portions of these draft instructions, but did not once mention that he believed the Court to be referencing an incorrect standard. Third, Defendant failed to object to

this language while discussing the third draft of the jury instructions during the May 17, 2012 charge conference.

As a result of Defendant's failure to object, a new trial is warranted only where the error was plain and affected Defendant's substantial rights. United States v. Schlei, 122 F.3d 944, 973 (11th Cir. 1997). In this regard, the Court concludes that, even if the error was plain, Defendant's rights were not affected. As discussed above, the Government only presented evidence of the Georgia standard of care. Therefore, even if the jury charge incorrectly instructed the jury to apply a national standard, the only evidence from which they could base their verdict was on the Georgia standard presented by the Government.

Moreover, even assuming plain error that affected Defendant's substantial rights, Defendant would still not be entitled to a new trial because Defendant requested the very charge he now finds objectionable. In his initial request to charge, Defendant requested an instruction entitled "Good Faith Dispensation in the Regular Course of Professional Practice." (Doc. 272 at 2.) This request stated that "[a] controlled substance is prescribed by a physician in the usual course of professional practice and, therefore, lawfully, if that substance is prescribed by him

7

in good faith as part of his medical treatment for the patient in accordance with the <u>standards of medical practice generally recognized and accepted in the United States</u>." (Doc. 272 at 2 (emphasis added).) This language is almost identical to that included in the final charge: "whether the defendant acted outside the usual course of professional practice is to be judged objectively by reference to <u>standards of medical practice generally recognized and accepted in the United States</u>." (Doc. 350 at 8). While setting the trap and laying in wait may yield rewards in other affairs, courts of law do not countenance such actions as part of their proceedings. See <u>United States v. Johnston</u>, 322 F. App'x 660, 665-66 (11th Cir. 2009).

In <u>Johnston</u>, the defendant was seeking to vacate his conviction based on the court's jury charge instructing the application of a national standard. However, the Eleventh Circuit Court of Appeals noted that "not only did Johnston fail to object to the district court's imposition of a national standard of care, but she invited the alleged error by requesting that the court charge the jury that in order to convict they must find that she 'acted outside the course/scope of professional practice, not in accordance with a standard of medical practice generally recognized

8

and acted in the United States.'" Id. at 665. Finding this as invited error, the Eleventh Circuit refused to review the charge under even a plain error standard. The facts are no different in this case. Despite numerous opportunities to object, Defendant failed to voice any opposition to the Court's proposed charge. Moreover, the allegedly erroneous charge was practically identical to the charge requested by Defendant. Such an invitation to error is not to be answered by the gift of a new trial. Id. at 665 ("A party waives the ability to contest the propriety of the instructions, however, if the party invites the error by requesting the substance of the instructions that she later seeks to challenge on appeal." (citing United States v. Stone, 139 F.3d 822, 838 (11th Cir. 1998))). Accordingly, Defendant is not entitled to a new trial on this ground.

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal or, Alternatively, for a New Trial (Doc. 355) is **DENIED**.

SO ORDERED this 18th day of June 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA